**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) TERESA VANBEBBER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-1083-R** |
| | ) | |
| **(1) FARMERS INSURANCE COMPANY, INC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**CONFIDENTIALITY STIPULATED AND AGREED PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect material entitled to be kept confidential, it is hereby stipulated and agreed by and among the following parties and respective undersigned attorneys for Plaintiff, Teresa Vanbebber, and Defendant, Farmers Insurance Company, Inc., and such other parties and non-parties who may agree in writing to the terms of this Confidentiality Stipulated and Agreed Protective Order (collectively **"Parties"**), as follows:

1. Each of the Parties may designate as "confidential information" any part of: (i) its answers to interrogatories; (ii) transcripts of depositions or hearings (including exhibits); (iii) documents produced by it or by third-parties; and (iv) any other discovery or disclosure made herein.

(a) Confidential Information. Each party shall in good faith designate as "CONFIDENTIAL INFORMATION" only those documents and other tangible things which it reasonably believes to be confidential, commercially

sensitive, proprietary, or which it reasonably believes constitute business and/or trade secrets. Designation of documents and other tangible things as Confidential Information is separate and apart from any assertion that a document or tangible thing is protected from disclosure due to privilege or other applicable law.

2. Each of the Parties may, either during any deposition or hearing, or within thirty (30) days after receiving a deposition or hearing transcript, designate testimony given during, or exhibits used in, the deposition or hearing as "CONFIDENTIAL." Exhibits utilized at the deposition previously designated as "CONFIDENTIAL" shall be treated as confidential and be subject to the terms and conditions of this Confidentiality Stipulated and Agreed Protective Order and no further designation is needed. Failure to identify a document at deposition or hearing as "CONFIDENTIAL" that was previously identified as "CONFIDENTIAL" does not waive the previous assertion. Until the expiration of the thirty 30-day period, the entire deposition and all exhibits will be treated as subject to protection against disclosure under this Order, unless otherwise agreed to by the parties. If none of the Parties timely designate confidential information in a deposition or hearing, then none of the information will be treated as confidential. If a timely designation is made, the confidential portions of the transcript shall be subject to protection against disclosure under this Order.

3. The designation of confidential information shall be made in writing by any of the Parties claiming confidentiality. Any document or copy of a document delivered to any of the Parties which is claimed to be confidential information will be marked

"CONFIDENTIAL" by placing or affixing a stamp on the material in a manner so that it will not interfere with its legibility. The designation of confidential material should be made prior to, or contemporaneously with, the production or disclosure of that material or information. If a party inadvertently fails to identify a document as "CONFIDENTIAL," which should have been identified as "CONFIDENTIAL," it shall contact the non-disclosing party in writing and identify the inadvertently disclosed document within ten (10) days of the discovery of the inadvertent disclosure. Any objections to the same shall be handled in accordance with Paragraph 6 of this Order.

4. Information designated as confidential under this Confidentiality Stipulated and Agreed Protective Order shall not be used or disclosed by any of the Parties, their respective agents, employees or attorneys for any purpose whatsoever other than for the preparation for, and trial of, this action, numbered **CIV-21-1083** in United States District Court for the Western District of Oklahoma, and any appeal thereof. Use in any other manner or subsequent litigation is prohibited. Nothing in this Order shall have the effect of prohibiting a party from producing its own Confidential Information that exists separate from this lawsuit.

5. If a party prints, publishes, or otherwise utilizes documents or information designated as "CONFIDENTIAL," such party shall ensure that such designation is identified on the document(s) or information. Parties shall attempt to limit the use of any Confidential Information in Court until the Court has found that information admissible at trial. If a party intends to utilize "CONFIDENTIAL" materials in open Court, identification shall be made prior to publishing or reading from such materials in order that the Court

may clear the courtroom or be provided the Confidential Information *in camera* to avoid the disclosure of Confidential Information outside the procedures provided herein.

6. A determination pursuant to paragraphs 1, 2 and 3 above, is subject to being contested by any other Parties to this Confidentiality Stipulated and Agreed Protective Order. Any of the Parties may contest a confidential designation by notifying the opposing party, in writing, that the receiving party objects to the designation. The Parties shall have thirty (30) days from service of such objection to work together in good faith to resolve the objection. If, after such time no resolution has been made, the party objecting to the confidential designation may file a motion with the Court seeking a determination that the objected to document, information, material or deposition designation is not confidential. In such a case, any information identified as protected information shall remain protected information until the Court makes a ruling to the contrary.

7. Counsel for each of the Parties who obtains material or information designated as confidential under this Confidentiality Stipulated and Protective Order from any other party or counsel shall not disclose or permit disclosure of such material or information to any other person or entity, except the following circumstances:

(a) Disclosure of such information may be made to the Parties and their employees who may need to see the information in connection with this litigation, as may be required in the context of this litigation for the Parties' preparation of their respective cases. Any such person to whom disclosure is made shall be advised of and become subject to the provisions of this Confidentiality Stipulated and Agreed Protective Order. Counsel for the

Parties shall be responsible for preparing and maintaining a list identifying the names of all non-Party witnesses to whom such disclosures have been made, and in addition, counsel for the Parties shall require each such person to sign the acknowledgment attached hereto as **Exhibit A;**

(b) Disclosure of such information may be made to employees of counsel who have functional responsibility for the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of and become subject to the provisions of this Confidentiality Stipulated and Agreed Protective Order;

(c) Disclosure of such information may be made to a Party's agents or affiliates and to professional consultants or experts employed or consulted by the Parties or counsel for the Parties to assist in the preparation and trial of this litigation. Prior to disclosure to any such consultant or expert, the entity or individual must agree to be bound by the terms of this Confidentiality Stipulated and Agreed Protective Order by executing the acknowledgment attached hereto as **Exhibit A.** By such execution, the entity or person represents and agrees to inform any employees and agents of the terms of this Confidentiality Stipulated and Agreed Protective Order and that they shall be bound by its terms, by reason of such entity or individual's execution of the acknowledgment attached hereto as **Exhibit A**;

(e) Disclosure of such information may be made to deponents during the taking of their depositions. Prior to disclosure, counsel for the deposing Party (or,

if the deponent is a non-party, counsel for the Party disclosing the confidential material to that deponent) shall advise the deponent of, and provide the deponent with, a copy of this Confidentiality Stipulation and Agreed Protective Order, and the deponent shall execute the acknowledgment attached hereto as **Exhibit A**, and such deponent shall thereafter be bound by the terms thereof.

8. Notwithstanding anything to the contrary contained herein, each party is free to exhibit material or information designated as confidential by that party to any person or entity not subject to the protective procedures set forth in this Confidentiality Stipulation and Agreed Protective Order, and such exhibition shall not result in a waiver or violation of the claimed confidentiality. However, a party may not designate the other party's documents as "Confidential" to evade this Order.

9. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admission, or any other papers filed or to be filed with the Court in any way disclose any material or information claimed to be confidential by any Parties, the party seeking to make such filing shall first obtain an Order from the Court granting leave to make such filing under seal in compliance with F.R.C.P. 26(C)(1) and LCrR12.2, at which time those papers or any portion thereof shall be filed in a sealed envelope marked with the caption and case number, clearly marked with the word "CONFIDENTIAL," with a reference to this Confidentiality Stipulation and Agreed Protective Order.

10. At the conclusion of this action, and within sixty (60) days at the conclusion, all material or information designated as confidential under this Confidentiality Stipulation

and Agreed Protective Order in the possession or under the control of counsel, the Parties or their agents, consultants or experts shall be returned to the party producing it. The provisions of this Confidentiality Stipulation and Agreed Protective Order as to confidentiality shall not terminate with the disposition of this action, but shall continue until further Order of the Court.

**IT IS SO ORDERED** this 17th day of February 2022.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) TERESA VANBEBBER,** | **)** | |
| | **)** | |
| **PLAINTIFF,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-21-1083-R** |
| | **)** | |
| **(1) FARMERS INSURANCE COMPANY, INC.,** | **)** | |
| | **)** | |
| **DEFENDANT.** | **)** | |

**EXHIBIT A**

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read, understood, and agrees to be bound by the terms of the Confidentiality Stipulated and Agreed Protective Order entered by the Court on ______________________, 2022.

| | |
|---|---|
| ______________________<br>Signature | ______________________<br>Date |
| ______________________<br>Printed Name | |